IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL L. MAYES**  No. 6:25-cr-00518-MC

      Plaintiff,  OPINION AND ORDER

   v.

**AMERICAN HALLMARK OF TEXAS,** a
foreign corporation authorized to conduct
business in this state,

      Defendant.
_____

**MCSHANE, Judge**:

Plaintiff Michael Mayes moves to remand the case to state court, arguing that this Court lacks subject matter jurisdiction. Pl.'s Mot. Remand, ECF No. 3. Because Defendant American Hallmark has failed to establish that this Court has subject matter jurisdiction, Plaintiff's Motion to Remand (ECF No. 3) is GRANTED.

## **LEGAL STANDARD**

A defendant may remove a civil action from state court to federal court if the federal district court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). The defendant bears the burden of establishing that removal is proper. *Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Subject matter jurisdiction exists when either complete diversity exists, or when plaintiff's cause of action arises under federal law or is otherwise authorized by federal statute. 28 U.S.C. §§ 1331, 1332.

1 – OPINION AND ORDER

Diversity jurisdiction exists when the amount in controversy exceeds $75,000, excluding interests and costs, and there is complete diversity among all plaintiffs and defendants. 28 U.S.C. § 1332(a). Courts define the amount in controversy as "the amount in stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). The amount in controversy includes any result of the litigation, excluding interests and costs, that requires the defendant to make a payment, such as damages (compensatory, punitive, or otherwise), the cost of complying with an injunction, and attorney's fees awarded under fee shifting statutes. *Id.* at 648–49.

## DISCUSSION

Plaintiff argues that the Court lacks diversity jurisdiction because although the parties are diverse, the amount in controversy does not exceed $75,000, excluding interests and costs. Pl.'s Mot. Remand 5. The Court agrees.

Defendant first argues that Plaintiff's motion to remand is time-barred because he failed to file it within 30 days of removal. Def.'s Resp. 1, ECF No. 8. However, because Plaintiff's motion is based on lack of subject matter jurisdiction, the 30-day rule does not apply. 28 U.S.C. § 1447 ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.").

Defendant then argues that because Plaintiff is seeking post-judgment interest, the amount in controversy exceeds $75,000. Def.'s Resp. 2. Plaintiff's complaint seeks $3,490.09 in economic damages and $66,509.91 in noneconomic damages, totaling $70,000. Compl. 9, ECF No. 1-3. Plaintiff also requests judgment interest pursuant to ORS 82.010(2). *Id.* Defendant characterizes interest pursuant to ORS 82.010(2) as "statutory damages." Def.'s Resp. 2. The Court is not persuaded. The amount in controversy for diversity jurisdiction is exclusive of interest. *Gonzales*,

2 – OPINION AND ORDER

840 F.3d at 648. ORS 82.010(2) specifically provides for "interest," therefore it does not cause the amount in controversy to exceed $75,000.

Because this Court lacks subject matter jurisdiction, this case must be remanded to state court.

## CONCLUSION

Plaintiff's Motion to Remand (ECF No. 3) is GRANTED. All other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 9th day of June, 2025.

                                              **/s/ Michael McShane**
                                              Michael J. McShane
                                              United States District Judge